## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BARBARA BAUGHN and | ) |
| DEREK BAUGHN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 03-2626-KHV |
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM AND ORDER

Barbara and Derek Baughn filed this product liability action against Eli Lilly and Company. Plaintiffs allege that Barbara Baughn suffered injuries because her mother took diethylstilbestrol ("DES"), a prescription drug, during her pregnancy with Barbara in 1964 and 1965. This matter is before the Court on Defendant Eli Lilly And Company's Renewed Motion For Summary Judgment On Statute Of Repose Grounds (Doc. #55) filed November 12, 2004. For reasons stated below, defendant's motion is overruled.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the

governing law." <u>Anderson</u>, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence.  <u>Id.</u> at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Hicks v. City of Watonga</u>, 942 F.2d 737, 743 (10th Cir. 1991).  Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." <u>Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.</u>, 912 F.2d 1238, 1241 (10th Cir. 1990); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991).  The nonmoving party may not rest on its pleadings but must set forth specific facts.  <u>Applied Genetics</u>, 912 F.2d at 1241.

"[W]e must view the record in a light most favorable to the parties opposing the motion for summary judgment." <u>Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.</u>, 938 F.2d 1105, 1110 (10th Cir. 1991).  Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative.  <u>Anderson</u>, 477 U.S. at 250-51.  "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." <u>Conaway v. Smith</u>, 853 F.2d 789, 794 (10th Cir. 1988).  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson</u>, 477 U.S. at 251-52.

## **Factual Background**

The following facts are uncontroverted, deemed admitted or, where disputed, viewed in the light

most favorable to plaintiffs.

Barbara Baughn, who was born on August 19, 1965 in Chanute, Kansas, has lived in Kansas her entire life.  Barbara's mother also lived in Kansas, where she purchased and took DES during her pregnancy with Barbara.  Barbara claims that as a result of her exposure to DES *in utero,* she suffered pregnancy complications, pregnancy losses and infertility for which she sought medical treatment in Kansas. Barbara did not learn of her claim against defendant until late 2001.  On May 8, 2003, Barbara and Derek Baughn, her husband, filed suit against Eli Lilly in the United States District Court for the District of Columbia.  On November 7, 2003, pursuant to 28 U.S.C. § 1404(a), that court transferred its case to this Court.

<u>Analysis</u>

**I.      Choice Of Law**

Where a case is transferred for the convenience of parties and witnesses under Section 1404(a), the transferee court must follow the choice of law rules of the transferor court.  <u>Viernow v. Euripides Dev. Corp.</u>, 157 F.3d 785, 793 (10th Cir. 1998); <u>see</u> <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 635-37 (1964); <u>Benne v. Int'l Bus. Machs. Corp.</u>, 87 F.3d 419, 423-25 (10th Cir. 1996).  Under <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938), a federal court in the District of Columbia would apply the same statute of limitations that a District of Columbia court would apply.  <u>See</u> <u>Wilson v. Johns-Manville Sales Corp.</u>, 684 F.2d 111, 114 n.11 (D.C. Cir. 1982).  Under District of Columbia choice of law principles, the laws of the forum apply to matters of procedure and unless the limitation is part of the cause of action itself, a limitation on the time of suit is procedural and is governed by the law of the forum.  <u>Huang v. D'Albora</u>, 644 A.2d 1, 4 (D.C. 1994); <u>May Dep't Stores Co., Inc. v. Devercelli</u>, 314 A.2d 767, 773 (D.C. App. 1973) (statute

of limitations is procedural); A.I. Trade Fin., Inc. v. Petra Int'l Banking Corp., 62 F.3d 1454, 1458 (D.C. Cir. 1995) (D.C. treats statute of limitations as procedural and applies its own rule).  The parties do not address the relevant District of Columbia statute of limitations, but it is three years.  See D.C. Code § 12-301(8).

The parties and the Court agree that Kansas substantive law applies in this case.[1]  The Court must address, however, whether under District of Columbia choice of law principles, the relevant Kansas statute – K.S.A. § 60-513(b) – is substantive or procedural.  To answer this question, the Court must initially determine whether to apply Kansas or District of Columbia law.  District of Columbia courts have not directly addressed this question, but they have consistently followed other states' interpretations as to whether their own statutes which contain periods of limitations are substantive or procedural.  See Huang v. D'Albora, 644 A.2d 1, 4 (D.C. 1994); Fowler v. A&A Co., 262 A.2d 344, 347 (D.C. 1970); see also Ekstrom v. Value Health, Inc., 68 F.3d 1391 (D.C. Cir. 1995); Jaffe v. Pallotta Teamworks, 276 F. Supp.2d 102, 107-08 (D.D.C. 2003), rev'd on other grounds, 374 F.3d 1223 (D.C. Cir. 2004); Int'l Techs. Integration, Inc. v. The Palestinian Liberation Org., 66 F. Supp.2d 3, 9-10 (D.D.C. 1999).[2]

---

[1]    Under District of Columbia choice of law principles, the Court looks to the factors in the Restatement (Second) of Conflict of Laws § 145, which include the place where the injury took place; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of business and place of incorporation of the parties; and the place where the parties' relationship is centered.  See Ingram v. Eli Lilly & Co., 251 F. Supp.2d 1, 5 (D.D.C. 2003).  The parties agree that all relevant events occurred in Kansas.  Except for the fact that defendant is incorporated and has its principal place of business in Indiana, all of the above factors favor application of Kansas law.  In particular, Barbara Baughn's mother took DES in Kansas, plaintiffs' alleged injuries occurred in Kansas, Barbara Baughn has lived in Kansas since birth and she has been treated in Kansas for conditions which she attributes to her exposure to DES.  The Court therefore finds that Kansas substantive law applies in this case.  See id.

[2]    For choice of law purposes, other courts have applied their own law to determine whether
(continued...)

Accordingly, the Court finds that the District of Columbia would defer to the classification of K.S.A. § 60-513(b) by Kansas courts.  Cf. Bush v. Palm Beach County Canvassing Bd., 531 U.S. 70, 76 (2000) (federal court generally defers to state court interpretation of its own state statutes).

## II.    K.S.A. § 60-513(b) As Substantive Law

The Kansas Supreme Court has held that the ten-year provision in Section 60-513(b) is a statute of repose and, as such, substantive law.  See Harding v. K.C. Wall Prods., Inc., 250 Kan. 655, 668-69, 831 P.2d 958, 967-68 (1992).  Harding explained the distinction between statutes of repose and statutes of limitation as follows:

> A statute of limitations extinguishes the right to prosecute an accrued cause of action after a period of time.  It cuts off the remedy.  It is remedial and procedural.  A statute of repose limits the time during which a cause of action can arise and usually runs from an act of a defendant.  It abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued.  It is substantive.

---

[2](...continued)
a limitations statute of another state is procedural or substantive.  See Baxter v. Sturm, Ruger & Co., Inc., 644 A.2d 1297, 1301 n.6 (Conn. 1994); Beard v. J.I. Case Co., 823 F.2d 1095, 1099 (7th Cir. 1987); P&E Elec., Inc. v. Utility Supply of Am., Inc., 655 F. Supp. 89, 94 (M.D. Tenn. 1986); Harris v. Clinton Corn Processing Co., 360 N.W.2d 812, 816 (Iowa 1985).

Although District of Columbia courts follow Section 145 of the Restatement (Second) Of Conflict Of Laws, they have not adopted Section 143.  Section 143 states that "an action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy."  Comment b to Section 143 provides:

> Application of the rule of this Section depends upon the local law of the forum.  It is for the courts of each state to determine the circumstances in which the rule is applicable.  So the forum will determine *in accordance with its own conceptions* whether a statute of limitations of a second state bars the right and not merely the remedy (see § 7).

(emphasis added).

Id. at 668, 831 P.2d at 967.[3]  For purposes of determining whether a legislature can revive a cause of action which is barred by a statute of repose, Harding recognized statutes of repose as substantive and plaintiffs have not argued that a different rule should apply for choice of law purposes.  The Court finds no principled reason to characterize a statute of repose differently in the two different contexts.[4]  The Court

---

[3]      The Kansas Supreme Court has recently retreated – to some degree – from a bright-line distinction between statutes of limitations and statutes of repose.  In See v. Hartley, 257 Kan. 813, 896 P.2d 1049 (1995), it stated as follows:

> While there are differences between statutes of limitation and statutes of repose, those differences are not as clearly defined as . . . Harding . . . might indicate.  Both types of statutes constitute time limitations on the plaintiff's right to recover for damages received as a result of the defendant's action or inaction.  Thus, in the broader sense, a statute of repose constitutes one type or form of a statute of limitations.  Both types of statutes seek the same objective and are founded on the same basic philosophy.

Id. at 820, 896 P.2d at 1054.

[4]      For purposes of defendant's motion for summary judgment, the Court assumes that it looks at whether Kansas courts treat the current version of Section 60-513(b) as substantive or procedural, not the version which was in effect when defendant alleges that its rights in the statute vested, i.e. 1975.  No Kansas court has directly addressed whether the ten-year period in the 1975 version of Section 60-513(b) was a statute of repose or a statute of limitations.  Indirectly, the Kansas Supreme Court has reached conflicting conclusions on that question.  In Gilger v. Lee Constr., Inc., 249 Kan. 307, 820 P.2d 390 (1991), the Kansas Supreme Court found that the ten-year period was triggered by substantial ascertainable injury.  Id. at 318, 820 P.2d at 398.  Such a conclusion implies that the ten-year period was a statute of limitations because it did not begin to run from the date of defendant's wrongful act.  On the other hand, Harding characterized as a statute of repose the 1975 version of Section 60-513(b) which the Kansas Supreme Court interpreted in Ruthrauff, Administratrix v. Kensinger, 214 Kan. 185, 519 P.2d 661 (1974).  See Harding, 250 Kan. at 668, 831 P.2d at 968 (Kansas legislature created statute of repose for tort actions, K.S.A. § 60-513(b), which Ruthrauff interpreted); 250 Kan. at 670, 831 P.2d at 968 ("Ruthrauff held the statute of repose was not triggered until substantial injury occurred but was not reasonably ascertainable.").

Before 1992, the Kansas Supreme Court had not distinguished statutes of limitations from statutes of repose.  See Harding, 250 Kan. at 668, 831 P.2d at 967.  As of 1975, however, the Supreme Court had long held that retroactive application of a statute (including one characterized as a statute of limitations) is barred if it impairs vested rights.  See, e.g., Eakes v. Hoffman-LaRoche, Inc., 220 Kan. 565, 568, 552

(continued...)

-6-

therefore finds that Kansas courts would treat Section 60-513(b) as substantive law for choice of law purposes.

## III.   Kansas Product Liability Act

Defendant argues that it is entitled to summary judgment because the general ten-year statute of repose in Section 60-513(b) has extinguished plaintiffs' cause of action.  Plaintiffs argue that their claim is not governed by Section 60-513(b), but by the Kansas Products Liability Act ("KPLA") and K.S.A § 60-3303, the statute of repose and exceptions which are set forth therein.  Defendant argues that the Court should apply the general ten-year statute of repose which provides in relevant part as follows:

> [I]f the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, *but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.*

K.S.A. § 60-513(b) (emphasis added).  Plaintiffs concede that the ten-year statute of repose would bar their claim but argue that they fall within exceptions to the statute of repose in Section 60-3303.

Section 60-3303 holds that a product liability cause of action can arise only during the "useful safe life" of the product.  Under the statute, a product seller is not liable if it proves by a preponderance of the evidence that the product caused harm after the product's "useful safe life" has expired.  The "useful safe life" begins at the time of delivery and extends for the time during which the product would normally be

---

[4](...continued)

P.2d 998, 1000 (1976); Johnson v. Warren, 192 Kan. 310, 314, 387 P.2d 213, 216 (1963); Ward v. Marzolf Hardwood Floors, Inc., 190 Kan. 809, 811, 378 P.2d 80, 82 (1963); Pinkston v. Rice Motor Co., 180 Kan. 295, 303 P.2d 197 (1956); Ellis v. Kroger Grocery Co., 159 Kan. 213, 152 P.2d 860 (1944).  As late as 1985, the Kansas Supreme Court held that a defendant has a vested right to a defense after the statute of limitations has run, except where substantial rights are not affected.  See Jackson v. Am. Freight Sys., Inc., 238 Kan. 322, 325, 709 P.2d 983, 985 (1985).

likely to be used in a safe manner.  For harm which is caused more than ten years after delivery,

Section 60-3303(b)(1) creates a presumption that the harm was caused after expiration of the useful safe

life of the product.  This presumption may only be rebutted by clear and convincing evidence.  K.S.A.

§ 60-3303(b)(1).

The KPLA provides certain exceptions for injuries that are not discoverable until after the

presumptive ten year useful safe life has expired.  Section 3303(b)(2)(D) provides that the ten-year period

does not apply

> if the harm was caused by prolonged exposure to a defective product, or if the
> injury-causing aspect of the product that existed at the time of delivery was not
> discoverable by a reasonably prudent person until more than 10 years after the time of
> delivery, or if the harm caused within 10 years after the time of delivery, did not manifest
> itself until after that time.

K.S.A. § 60-3303(b)(2)(D).

Defendant concedes that in product liability cases, a period of repose longer than ten years may

apply under the KPLA burden shifting useful safe life provision.[5]  See Defendant's Memorandum In

Support (Doc. #54) at 11.  Defendant argues that K.S.A. § 60-3303 does not apply in this case, however,

because the intended purpose of useful safe life statutes is for "long-enduring products" and not for

consumable products such as prescription drugs.  See id. at 12 (citing Louis R. Frumer et al., Products

---

[5]      Kansas cases now make clear that in product liability actions the KPLA "useful safe life"
provision, K.S.A. § 60-3303(a), conflicts with and controls over the general ten-year statute of repose in
§ 60-513(b).  Dierkson v. Navistar Int'l Trans. Corp., 912 F. Supp. 480, 484 (D. Kan. 1996); see Kerns
v. G.A.C., Inc., 255 Kan. 264, 272, 875 P.2d 949, 957 (1994); Koch v. Shell Oil Co., 8 F. Supp.2d
1264, 1268 (D. Kan. 1998) (KPLA Sections 3301 to 3307 contain exceptions to general statute of repose
in Section 513(b)); Gorman v. Best W. Int'l, Inc., 941 F. Supp. 1027, 1030 (D. Kan. 1996)
(Section 60-513(b) not applicable to KPLA actions enumerated in Section 60-3303(a) & (b)).

Liability § 26.05[4][a] (Matthew Bender 2003)).  Defendant points out that some of the factors set forth in Section 60-3303(a)(1)(A) through (E) cannot logically be applied to prescription drugs.  The Court agrees that the useful life statute is not perfectly germane to consumable products, but the Kansas legislature apparently intended it to apply.  First, Section 3303 applies to a "product seller," which the KPLA defines as "any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use *or consumption*."  K.S.A. § 60-3302(a) (emphasis added).  Second, at least three of the five factors in Section 3303(a)(1)(A) through (E) could apply to consumable products such as prescription drugs – deterioration of the product, improper maintenance or storage of the product and modification or alteration of the product.  Finally, the Tenth Circuit has rejected the argument that Sections 3303(a) and (b) "were intended to apply to durable goods that are normally used for a period of years, not products that are intended to be consumed shortly after their purchase."  Koch v. Shell Oil Co., 52 F.3d 878, 884 (10th Cir. 1995), rev'g, No. 92-4239-DES, 1993 WL 393763, at *3 n.6 (D. Kan. Sept. 15, 1993).  In doing so, it noted that the Kansas Supreme Court has "clearly confirm[ed] the applicability of the exceptions in subsection 3303(b)(2)(D) to products where 'useful safe life' is essentially a non sequitur."  Koch, 52 F.3d at 884.[6]  For these reasons, for purposes of defendant's summary judgment motion, the Court assumes that Section 3303 and the exceptions contained therein apply to prescription drugs such as DES.

---

[6]    In an article which discusses Section 3303, which defendant cites in the memorandum in support of its motion for summary judgment, the author specifically references consumable products such as fresh meat and milk which have "very short useful safe lives."  Steve R. Fabert, Statutes Of Limitations, Statutes Of Repose And Continuing Duties Under The Kansas Product Liability Act, 36 Washburn L.J. 367, 392 (1997).  The author does not opine that consumable products such as food and medicine cannot be analyzed under the useful safe life provision of Section 3303.

Plaintiffs argue that all three exceptions in Section 3303(b)(2)(D) apply.   If her injury meets any one of the exceptions, however, the ten-year statute of repose does not bar plaintiffs' claim.  Koch, 8 F. Supp.2d at 1268.  The Court finds that under the KPLA, plaintiffs have established a genuine issue of material fact as to at least two of the exceptions to the statute of repose.  First, the alleged harm to Barbara was caused by prolonged exposure to a defective product.  For purposes of its motion, defendant does not dispute that Barbara was exposed to DES *in utero*.  Kansas courts have not addressed precisely what period of time qualifies as "prolonged exposure," but the Honorable Dale E. Saffels has held – and the Court agrees – that exposure during gestation qualifies as "prolonged exposure" as set forth in Section 3303(b)(2)(D).  See Koch, 8 F. Supp.2d at 1268.  For purposes of its motion for summary judgment, defendant does not dispute that DES was a defective product.  Accordingly, plaintiffs have established a genuine issue of material fact as to the first exception in Section 3303(b)(2)(D).

Plaintiffs have also established a genuine issue of material fact as to the third exception in Section 3303(b)(2)(D): harm caused within ten years after delivery of the defective product but not manifested until after that time.  For purposes of its motion, defendant does not dispute that (1) Barbara sustained injuries when her mother ingested DES, i.e. at the time of product delivery; and (2) plaintiffs did not know of these injuries until more than ten years later.  Therefore the third exception to the statute of repose is potentially applicable to plaintiffs' claims.[7]

---

[7]        Because plaintiffs have established genuine issues of material fact as to two of the exceptions in Section 60-3303(b)(2)(D), the Court need not address whether plaintiff can satisfy the latent disease exception in Section 60-3303(d)(2).

**IV.    Takings Defense**

As explained above, Kansas adopted the KPLA in 1981, and plaintiffs have established a genuine issue of material fact as to at least two of the exceptions to the ten-year statute of repose in Section 60-3303(b).  Defendant argues that if the KPLA applies, application of the statute constitutes an unlawful taking of its vested right in the statute of repose defense.  As noted, the Kansas Supreme Court has held that the ten-year provision in Section 60-513(b) is a statute of repose and as such, it is substantive law.  See Harding, 250 Kan. at 668-69, 831 P.2d at 967-68.  Because Section 60-513(b) is substantive law and creates a substantive right, any revival of a cause of action after the vesting of that right constitutes a taking of property without due process.  Id. at 669, 831 P.2d at 968.  Eli Lilly argues that under Ruthrauff, which was decided in 1974, it had a statute of repose defense which vested in 1975, ten years after the date of substantial injury when Barbara's mother last ingested DES during her pregnancy with Barbara – six years before Kansas enacted the KPLA.

Plaintiffs argue that Eli Lilly did not obtain a vested right in the statute of repose defense before Kansas enacted the KPLA in 1981 because the Kansas Supreme Court had held that the ten-year period in Section 60-513(b) was not triggered until an individual suffered substantial ascertainable injury.  See Plaintiffs' Amended Response (Doc. #58) at 23-24.  Plaintiffs reason that Barbara Baughn's injuries were not reasonably ascertainable until late 2001, and that defendant therefore did not obtain a vested right before 1981.  In support, plaintiffs rely primarily on Ruthrauff, supra.

When Ruthrauff was decided in 1974, Section 60-513 provided a two-year statute of limitations for personal injury actions.  The statute also provided as follows:

The cause of action in this section shall not be deemed to have accrued until the act giving

-11-

rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of the injury becomes reasonably ascertainable to the injured party, *but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action.*

K.S.A. § 60-513(b) (Supp. 1970) (emphasis added).[8]  Ruthrauff held that the final clause – which contained the ten-year limit – applied only to those cases in which the fact of injury was not reasonably ascertainable until some time after substantial injury had occurred.  See Ruthrauff, 214 Kan. at 191, 519 P.2d at 666-67.   On the other hand, it held that if the fact of substantial injury was immediately apparent (as in the case of an explosion and resulting fire), the ten-year limit did not apply.  See id.  In such cases, the claimant had to bring suit within two years after the date of the act which caused substantial injury (e.g., an explosion and fire) regardless of the date of the wrongful act which caused the injury (e.g., faulty construction of gas pipes causing the explosion and fire).  See id. at 185-86, 192, 519 P.2d at 663, 667. In other words, Ruthrauff treated the ten-year period in Section 60-513 as an extension of the statute of limitations in cases where the fact of injury was not reasonably ascertainable until some time after substantial injury had occurred.

        In Tomlinson v. Celotex Corp., 244 Kan. 474, 770 P.2d 825 (1989), plaintiff filed suit for personal

---

        [8]        Technically, in 1974, Section 60-513 did not include lettered subsections. The Court refers to the paragraph in the statute which corresponds to current subsection (b).  In 1976, Section 60-513 was amended to add lettered subsections.  In addition, subsection (c) was added to change the discovery period in actions brought against health care providers from ten years to four years.  The relevant text of subsection (b) remained unchanged.

        In 1987, the last clause of Section 60-513(b) was amended to read  "but in no event shall *an action be commenced* more than 10 years beyond the time of the act giving rise to the cause of action." 1987 Kan. Sess. Laws Ch. 222; K.S.A. § 60-513(b).  The 1987 version of the statute has not been further amended.  Both the 1975 and 1987 versions of Section 60-513(b) set an outside limit (ten years) on when a claimant can assert an action after the "act giving rise to the cause of action."

injuries sustained from exposure to asbestos.  Plaintiff's last exposure to asbestos was in 1971, but he did not ascertain his injuries until 1986 and he did not file suit until 1987.  <u>Tomlinson</u> noted two possible interpretations of the starting point for the ten-year period in Section 60-513(b): (1) the date when plaintiff received substantial injury or (2) the date of defendant's wrongful act.  <u>Id.</u> at 479-80, 770 P.2d at 829.  The Kansas Supreme Court chose the latter interpretation and held that plaintiff's suit was barred by Section 60-513(b) because he filed suit more than ten years after defendants' wrongful acts.

Two years later, the Kansas Supreme Court overruled <u>Tomlinson</u>.  <u>See</u> <u>Gilger v. Lee Constr., Inc.</u>, 249 Kan. 307, 820 P.2d 390 (1991).  In <u>Gilger</u>, plaintiffs asserted a tort action against their home builders for injuries sustained from long-term exposure to carbon monoxide.  <u>See</u> <u>id.</u> at 309, 820 P.2d at 393.  Plaintiffs moved into the house in 1981 and one plaintiff began to experience health problems within the first year.  <u>See</u> <u>id.</u>  By October of 1985, all family members in the house had suffered health problems.  <u>See</u> <u>id.</u>  Plaintiffs alleged that they did not discover that the improperly vented furnace caused health problems until November 24, 1985.  <u>See</u> <u>id.</u> at 310, 820 P.2d at 393.  Contrary to <u>Tomlinson</u>, the Kansas Supreme Court held that plaintiffs' cause of action did not accrue on the date of defendants' wrongful acts, but on the date when plaintiffs first suffered "substantial ascertainable injury."  <u>Id.</u> at 318, 820 P.2d at 398.  Plaintiffs could not have suffered substantial injury before 1981, when they moved into their house.  Therefore, the ten-year limitation in Section 60-513(b) did not bar their action, which was filed in 1987.  <u>Id.</u> at 318-19, 820 P.2d at 398.  In <u>Gilger</u>, the Kansas Supreme Court noted that under <u>Ruthrauff</u>:

> when an act occurs which later causes substantial injury, both the two-year and ten-year periods of limitation are triggered at the time of substantial injury, unless the facts of such injury are not ascertainable until later, in which case the two-year statute of limitations begins at the later date.  But in no event, under K.S.A. § 60-513(b), shall the period of limitations extend beyond ten years from the date of substantial injury.

Gilger, 249 Kan. at 314, 820 P.2d at 396; see id. at 307, Syl. ¶ 4, 820 P.2d at 392, Syl. ¶ 4 (ten-year period mere limit on extension of two-year period when injury not immediately ascertainable).  Despite this "explanation" of Ruthrauff and despite the statutory ten-year period in Section 60-513(b), Gilger concluded that applying Ruthrauff, a cause of action does not accrue until an individual suffers "substantial ascertainable injury."  Id. at 318, 820 P.2d at 398 (emphasis added).  Gilger stated that Tomlinson was incorrectly decided because that plaintiff had filed suit within two years of his ascertainment of substantial injury.  Id. at 318, 820 P.2d at 398.

Gilger is puzzling in light of express statutory language which states that "but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action."  K.S.A. § 60-513(b).  Gilger essentially equated the final phrase in Section 60-513(b) – "the act giving rise to the cause of action" – with "substantial ascertainable injury."  Under this interpretation, the ten-year limitation would be meaningless in virtually all cases because the two-year statute of limitations under Section 60-513(a) would ordinarily be triggered when the injury was reasonably ascertainable.  Gilger apparently leaves open one narrow situation where the ten-year limitation in Section 60-513(b) applies, i.e. where substantial ascertainable injury occurs but its cause is not ascertainable until more than ten years later.  See Gilger, 249 Kan. at 318-22, 820 P.2d at 398-401; Harding, 250 Kan. at 659, 831 P.2d at 962.  By essentially reading the ten-year limitation out of the statute in most cases,  Gilger appears to be inconsistent with Ruthrauff, which held that the ten-year limitation applies to all claims other than those where substantial injury is immediately ascertainable.  See Ruthrauff, 214 Kan. at 191-92, 519 P.2d at 666-67.  It also appears to conflict with Kansas Supreme Court interpretations of similar clauses in other

-14-

statutes.[9]   The Honorable John W. Lungstrum of this Court has noted as follows:

> Although the Gilger court stated that it was relying on its rule in Ruthrauff . . ., it appears
> that, in fact, the Gilger court changed the Ruthrauff rule.  In effect, the Gilger court
> interpreted the "act giving rise to the cause of action" . . . to mean the date on which the
> plaintiff ascertained substantial injury. This differs from what this court believes was the
> Ruthrauff interpretation, which was that the limitation period began running on the date
> substantial injury occurred to a plaintiff as a result of a defendant's act. The Gilger decision
> almost completely emasculated the ten-year limitations period of K.S.A. 60-513(b).  The
> ten-year limitations provision would not begin to run under Gilger until a plaintiff
> "suspected" an injury, giving a plaintiff ten years from that date to ascertain the injury and
> file an action.

Speer v. Wheelabrator Corp., 826 F. Supp. 1264, 1269 (D. Kan. 1993).  One commentator has also

noted as follows:

---

        [9]        See, e.g., Gilger, 249 Kan. at 319, 820 P.2d at 399 (statute of repose for claims of minor,
Section 60-515(a), which states that no action shall be commenced more than eight years "after the time
of the act giving rise to the cause of action," is triggered on date of negligent act); Stephens v. Snyder Clinic
Ass'n, 230 Kan. 115, 631 P.2d 222 (1981) (statute of repose for claims against medical providers,
Section 60-513(c), which states that no action shall be commenced more than four years "beyond the time
of the act giving rise to the cause of action," is triggered on date of negligent act).  Indeed, after the 1987
amendment to Section 60-513(b), the Kansas Supreme Court held that the ten-year period in that statute
was triggered by defendant's wrongful act.  See Dobson v. Larkin Homes, Inc., 251 Kan. 50, 52-53, 832
P.2d 345, 346-47 (1992); Harding, 250 Kan. at 659, 831 P.2d at 962; Admire Bank & Trust v. City of
Emporia, 250 Kan. 688, 698, 829 P.2d 578, 585 (1992).  The Kansas Supreme Court reasoned that this
change in interpretation was mandated by the 1987 amendment, which changed the wording from "but in
no event shall *the period be extended* more than ten (10) years beyond the time of the act giving rise to
the cause of action" to "but in no event shall *an action be commenced* more than ten (10) years beyond
the time of the act giving rise to the cause of action."  The change in the statutory language does not appear
to imply – let alone mandate – a different starting point for the ten-year period.  The Kansas Supreme
Court, however, reasoned that Ruthrauff suggested the amendment as a way to achieve a different outcome
in that case, and that the Kansas legislature therefore intended the amendment to mean that the ten-year
period runs from the date of defendant's wrongful act.  See Dobson, 251 Kan. at 52-53, 832 P.2d at 346-
47; Harding, 250 Kan. at 659, 831 P.2d at 962; Admire Bank, 250 Kan. at 698, 829 P.2d at 585.  Such
reasoning appears to be flawed because Ruthrauff suggested the amendment for a different purpose – to
have the ten-year limitation apply both to injuries that are immediately ascertainable and injuries that are
not reasonably ascertainable until some later date.  See Ruthrauff, 214 Kan. at 191, 519 P.2d at 666-67.

The adult plaintiffs in <u>Gilger</u> were given the benefit of the discovery rule but were not held to the concomitant requirement to sue within a decade of the wrongful act, contrary to the requirements of <u>Ruthrauff</u>.  This result was achieved by reinterpreting the statute to calculate the outside limitation from the date of first injury rather than the date of the wrongful act.  The court plainly did not really desire to apply the rule of <u>Ruthrauff</u>.  It wanted to find a way to give the plaintiffs the benefit of the discovery rule without the burden of the ten-year outside limitation.  The only way to do so was to reunite delayed injury claims with delayed accident claims, and to make both types exempt from the outside limitation.  This result simply cannot be accomplished consistently with the <u>Ruthrauff</u> court's division of section 60-513 into two alternatives.

Steve R. Fabert, <u>Statutes Of Limitations, Statutes Of Repose And Continuing Duties Under The Kansas Product Liability Act</u>, 36 Washburn L.J. 367, 405 (1997).  The Court agrees substantially with these criticisms of <u>Gilger</u>.

In summary, the Court is faced with inconsistent Kansas Supreme Court decisions: <u>Gilger</u> and <u>Ruthrauff</u>.  Neither case has been overruled and both cases remain "good law" as to the version of Section 60-513 which was in effect from 1974 through 1987.  To the extent the two cases conflict, however, the Court is bound to follow <u>Gilger</u>, the most recent case.  <u>See</u> <u>Nevins v. Shepard</u>, 126 Kan. 456, 268 P. 857, 858 (1928) (to extent of conflict, latter cases overrule former ones); <u>Wood v. Eli Lilly & Co.</u>, 38 F.3d 510, 513 (1994) (court must apply most recent statement of state law by state's highest court).  The Court does so reluctantly because <u>Gilger</u>'s holding requires the Court to disregard <u>Gilger</u>'s own summary of the holding in <u>Ruthrauff</u>, which <u>Gilger</u> purports to follow.  <u>Gilger</u> nevertheless clearly provides that the ten-year period of Section 60-513(b) is not triggered until an individual suffers substantial ascertainable injury.[10]  <u>See</u> <u>Gilger</u>, 249 Kan. at 318, 820 P.2d at 398.  Here, for purposes of its motion

---

[10]     Eli Lilly does not attempt to distinguish <u>Gilger</u>.  It maintains that defendant's wrongful act, not the date of substantial ascertainable injury, triggers the ten-year period in Section 60-513(b).  <u>See</u>
(continued...)

for summary judgment, Eli Lilly concedes that Barbara Baughn did not learn of substantial ascertainable

injury until late 2001.  If so, Eli Lilly's right in the statute of repose defense in former Section 60-513(b)

did not vest before the KPLA was enacted in 1981.[11]  The Court therefore overrules defendant's motion

for summary judgment based on the statute of repose.

      **IT IS THEREFORE ORDERED** that Defendant Eli Lilly And Company's Renewed Motion

For Summary Judgment On Statute Of Repose Grounds (Doc. #55) filed November 12, 2004 be and

hereby is **OVERRULED.**

      Dated this 4th day of February, 2005 at Kansas City, Kansas.


                              s/ Kathryn H. Vratil
                              KATHRYN H. VRATIL
                              United States District Judge

---

[10](...continued)

Defendant's Memorandum In Support (Doc. #54) at 8 (citing Admire Bank, 280 Kan. 688, 829 P.2d 578 (1992) and Lester v. Eli Lilly & Co., 689 F. Supp. 843 (D. Kan. 1988)).  Admire Bank held that the ten-year period under Section 60-513(b), as amended in 1987, runs from the date of the original wrongful act.  See Admire Bank, 280 Kan. at 698, 829 P.2d at 585.  Admire Bank, however, did not address the version of Section 60-513(b) which was in effect before 1987.  Lester held that under the version of Section 60-513(b) which was in effect before 1987, the ten-year period began to run when plaintiff's mother ingested DES.  See Lester, 689 F. Supp. at 844.  Three years after Lester, however, the Kansas Supreme Court rejected such an interpretation.  See Gilger, supra.

[11]     This holding does not foreclose proof at trial that Barbara Baughn's exposure to DES caused substantial ascertainable injury before she experienced fertility problems at the age of 36.